

# The Attorney General of Texas

March 18, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James E. Nugent, Chairman
Railroad Commission of Texas
P. O. Drawer 12967
Austin, Texas 78711

Opinion No. MW-307

Re: Whether the Railroad Commission must provide copies of copyrighted maps requested under the Open Records Act

Dear Mr. Poerner:

You inform us that the Railroad Commission has on file copyrighted maps on which it indicates the locations of drilling activity and oil wells. These maps are available for public inspection at your offices. You ask whether you must provide copies of such maps when requested to do so by a member of the public.

The Open Records Act requires the custodian of public information to "produce such information for inspection or duplication." V.T.C.S. art. 6252-17a, S4. He is prohibited by the act from making any inquiry of a person who seeks to inspect and copy public records beyond what is necessary to establish identification and the records being requested. Section 5(b).

In contrast, the copyright law gives the copyright holder the exclusive right to reproduce his work, subject to another person's right to make fair use of it. 17 U.S.C. SS 106, 107 (1976). Any copying of such records must be consistent with the copyright law. A state that infringes a copyright may be liable in damages to the holder. Mills Music, Inc. v. Arizona, 591 F. 2d 1278 (9th Cir. 1979).

Thus, the custodian of copyrighted records, when asked for a copy of them under the Open Records Act, is faced with a difficult problem. He can make the copy as a ministerial act and risk a suit for infringement. He can seek to determine whether the proposed use is a fair use. This is a difficult task at best, since it requries an inquiry into the purpose of the use and its effect on the potential market for the copyrighted work. It is rendered impossible by the Open Records Act's prohibition against making any such inquiry of the requestor. Moreover, the supremacy clause of the United States Constitution would prohibit the custodian from following the Open Records Act where it conflicts with the copyright law. See Antoine v. Washington, 420 U.S. 194 (1975).

The custodian of public records must comply with the copyright law and is not required to furnish copies of such records that are copyrighted. Members of the public have the right to examine copyrighted materials held as public records and to make copies of such records unassisted by the state. Of course, one so doing assumes the risk of a copyright infringement suit.

## SUMMARY

The Railroad Commission is not required to furnish copies of copyrighted maps to members of the public.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin